UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES ROBINSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-1345 (VLB) |
| CITY OF NEW HAVEN, et al., | : | |
|     Defendants. | : | August 19, 2008 |

**MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. #15]**

The plaintiff, Dolores Robinson, brings this employment action against the defendants, the City of New Haven (the "city"), Francisco Ortiz, and Emmet Hipson, claiming that they discriminated against her in the terms and conditions of employment on the basis of race in violation of federal and state laws. The defendants filed the instant partial motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons hereinafter set forth, the motion to dismiss is GRANTED in part and DENIED in part.

## I. Facts

The following facts alleged in the complaint are taken as true for purposes of this motion. See Sec. II, below. Robinson, an African-American, has been a civilian employee of the City's Department of Police Services since 1990. Her employee classification is "Account Clerk 4." During the relevant time period, Ortiz was the Chief of Police for the city, and Hipson was the Director of

1

Personnel and Labor Relations for the city.

Since 2002, Robinson has performed the duties and responsibilities of property room supervisor. In the five years that she has worked as a property room supervisor, Robinson has continuously sought reclassification of her employment level above Account Clerk 4, along with the accompanying increase in salary and benefits, because her current duties far exceed her classification. Her requests for reclassification have been denied. During that same five year span, fourteen other civilian employees of the Department of Police Services have been upwardly reclassified. Only one of those fourteen employees was African-American, and she was the daughter of the then Chief of Police.

On September 6, 2007, Robinson initiated this lawsuit against the city, and Ortiz and Hipson in their individual capacities only,[1] alleging that the defendants failed to reclassify her employment on the basis of her race. The complaint asserts causes of action against all three defendants for: 1) denial of equal protection pursuant to 42 U.S.C. § 1983; 2) denial of due process pursuant to section 1983; 3) violation of Title VII, 42 U.S.C. § 2000e, et seq.; 4) violation of 42 U.S.C. § 1981; 5) denial of equal protection under the Connecticut Constitution; 6) denial of due process under the Connecticut Constitution; 7) violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-

---

[1] The complaint also names Local 844, American Federation of State, County and Municipal Employees, and Council 4, American Federation of State, County and Municipal Employees, AFL-CIO, as defendants because they are necessary and indispensable parties to effectuate the relief requested. There are no causes of action alleged against the two labor organizations.

60(a)(1); 8) violation of CFEPA, Conn. Gen. Stat. § 46a-60(a)(5); 9) intentional infliction of emotional distress; and 10) negligent infliction of emotional distress. [Doc. #1] On October 31, 2007, the defendants filed the current motion to dismiss counts three, four as to Ortiz, seven as to Ortiz and Hipson, eight as to Hipson, nine, and ten. [Doc. #15]

## II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008) (internal quotation omitted).

"The plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

## III. Discussion

3

A. Count Three - Violation of Title VII

All defendants moved to dismiss the Title VII claim as untimely filed. Following additional correspondence from the Equal Employment Opportunity Commission, the defendants withdrew that portion of their motion. [Doc. #42] Ortiz and Hipson moved to dismiss the Title VII claim because there is no individual liability under Title VII. Robinson concedes this point as a matter of law. Therefore, the motion to dismiss count three is DENIED as to the city and GRANTED as to Ortiz and Hipson.

B. Count Four - 42 U.S.C. § 1981

Ortiz moves to dismiss count four claiming that he does not have the authority to reclassify Robinson's employment. For an individual to be held liable under section 1981, he or she must have been personally involved in the alleged violation. See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000). The complaint clearly alleges that at all relevant times Ortiz "has been the senior supervisor of the plaintiff, with responsibility for, inter alia, administering the personnel of the Department of Police Services, assuring that employee rights and benefits are protected, and recommending and assisting in reclassifications." [Doc. #1, para. 3] It further alleges that since 2002 the fourteen civilian employees were upwardly reclassified "under the direction of" Ortiz. [Doc. #1, para. 11]

The complaint includes explicit allegations that Ortiz was involved in both the denial of Robinson's reclassification and in the reclassification process

generally, as evidenced by his involvement in the reclassification of other civilian employees. Any defense of noninvolvement raised by Ortiz is entirely fact based. It would be inappropriate for the court to consider fact based arguments at the motion to dismiss stage. The motion to dismiss count four is DENIED, without prejudice to Ortiz's right to renew his argument at the summary judgment phase.

C. Count Seven - CFEPA, Conn. Gen. Stat. § 46a-60(a)(1)

Ortiz and Hipson move to dismiss count seven because there is no individual liability under that section of CFEPA, Conn. Gen. Stat. § 46a-60(a)(1). Robinson concedes this point as a matter of law. The motion to dismiss count seven as to Ortiz and Hipson is GRANTED.

D. Count Eight - CFEPA, Conn. Gen. Stat. § 46a-60(a)(1)

Hipson moves to dismiss count eight because he was not named in the administrative complaint Robinson filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Robinson concedes that she did not name Hipson in her CHRO complaint. She also concedes that she was represented by counsel before the CHRO.

Robinson argues that Hipson had an "identity of interests" with the defendants named before the CHRO - the city and Ortiz - and therefore she was not required to formally name Hipson in her CHRO complaint. See Malasky v. Metal Products Corp., 44 Conn. App. 446, 453-55 (Conn. App. 1997). Courts in this district have consistently held that the "identity of interests" exception to the requirement that defendants be named in the preceding CHRO complaint only

applies when the plaintiff was not represented by counsel before the CHRO. See Edwards v. New Opportunities Inc., 2007 U.S. Dist. LEXIS 21667, at *15 (D. Conn. Mar. 26, 2007); Golnik v. Amato, 299 F. Supp. 2d 8, 14 (D. Conn. 2003); Dallaire v. Litchfield County Ass'n for Retarded Citizens, 2001 U.S. Dist. LEXIS 2389, at *8 (D. Conn. Feb. 12, 2001); Peterson v. City of Hartford, 80 F. Supp. 2d 21, 24 (D. Conn. 1999). It is expected that an attorney, unlike a party proceeding pro se, can and will comply with CFEPA's procedural requirements. See Natale v. Town of Darien, 1998 U.S. Dist. LEXIS 2356, at *20-21 (D. Conn. Feb. 26, 1998); DeLoreto v. Ment, 944 F. Supp. 1023, 1035 (D. Conn. 1996). As Robinson was represented by counsel before the CHRO, the "identity of interests" exception cannot apply and the motion to dismiss count eight as to Hipson is GRANTED.

    E. Count Nine - Intentional Infliction of Emotional Distress

The city moves to dismiss count nine because it is immune from liability for the intentional acts of its employees pursuant to Connecticut General Statutes § 52-557n. Robinson concedes this point as a matter of law.

Hipson and Ortiz further move to dismiss count nine because the allegations in the complaint if true do not meet Connecticut's threshold standard for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, Robinson must allege: "1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's

6

distress; and 4) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253 (Conn. 1986).

"In the employment context, it is the employer's conduct, not the motive behind the conduct, that must be extreme or outrageous." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000). An employer's adverse yet routine employment action does not constitute extreme and outrageous conduct even if based on race or other improper motives. Id.; Hill v. Pinkerton Security & Investigation Services, Inc., 977 F. Supp. 148, 160 (D. Conn. 1997); White v. Martin, 23 F. Supp. 2d 203, 208 (D. Conn. 1999), aff'd, 198 F.3d 235 (2d Cir. 1999).

Robinson alleges that her salary and benefits are not commensurate with her duties and responsibilities. She further alleges that this disparity is based o her race. There are no allegations of any derogatory comments by Ortiz or Hipson directed at Robinson or others, and no allegations of any direct contact between Robinson and Ortiz or Hipson. The allegations in the complaint state a claim for a routine employment action based on racial discrimination. Such allegations are insufficient as a matter of law to state a claim for intentional infliction of emotional distress. The motion to dismiss count nine is GRANTED as to all defendants.

F.  Count Ten - Negligent Infliction of Emotional Distress

The defendants move to dismiss count ten because the alleged negligent infliction of emotional distress did not occur in the course of the termination process. Robinson concedes this point as a matter of law. The motion to

7

dismiss count ten is GRANTED.

## IV. Conclusion

Based on the foregoing, the motion to dismiss is GRANTED in part and DENIED in part. Counts three and seven as to Ortiz and Hipson, count eight as to Hipson, and counts nine and ten are dismissed. Counts one, two, four, five, six, counts three and seven as to the city, and count eight as to the city and Ortiz shall continue through the discovery phase.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 19, 2008.